IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EUGENE MAYFIELD | § | |
| v. | § | CIVIL ACTION NO. 2:04cv402 |
| | | (Crim. No. 2:02cr15) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Eugene Mayfield, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Mayfield states that he was convicted on January 3, 003, of possession of cocaine with intent to distribute. On May 20, 2003, he was sentenced to 124 months in prison, followed by four years of supervised release. Mayfield did not take a direct appeal of his conviction, but did file an application for the writ of habeas corpus on January 8, 2004, which was dismissed without prejudice for want of jurisdiction.

In his original motion to vacate or correct sentence, Mayfield argued that his sentence was incorrectly computed, relying on Blakely v. Washington, 524 U.S. 296, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). He also argued that he received ineffective assistance of counsel because he attorney did not raise these issues at sentencing.

In a supplement to the motion, Mayfield noted that in U.S. v. Booker, 125 S.Ct. 738 (2005), the Supreme Court extended the rule in Blakely to the Federal Sentencing Guidelines. He argued, as he did in his original motion that the rule set out in Blakely actually can be traced back

to Miles v. United States, 103 U.S. 304 (1991) and In re Winship, 397 U.S. 358 (1970). Mayfield maintained that he is "actually innocent" of any enhanced or "judge-found" sentence, that the imposition of such a sentence on him is a "gross miscarriage of justice" amounting to slavery, and that the Due Process Clause protects him from "the ill-effect of judicial rewriting of statutes, when that rewriting occurred after petitioner's crime was committed." He says that since the Supreme Court in effect rewrote the Sentencing Guidelines in Booker, any constitutional principle announced in Booker that would serve to benefit him must be applied to his case, or he would be denied due process. He stated that Booker should apply to all cases decided between November 1, 1987, and the present.

Next, Mayfield argued that he is a natural born, free, *sui juris*, American, endowed by the Creator with unalienable rights, and that the trial court's judgment violates these rights because of the lack of a proper indictment by a grand jury. He added that he is being held in "involuntary servitude" because he was not properly convicted of a crime, so the Thirteenth Amendment's exception for conviction of a crime does not apply to him.

After review of the motion and supplemental motion, the Magistrate Judge issued a Report on September 7, 2005, recommending that the motion to vacate or correct sentence be denied. The Magistrate Judge observed that the Supreme Court's decision in Booker does not operate retroactively and thus does not apply to Mayfield, who was convicted before the decision was rendered. The Magistrate Judge observed that while Mayfield set forth an argument that the rule in Booker *should* operate retroactively, no federal appellate court had yet accepted this argument.

The Magistrate Judge also rejected Mayfield's claim that "judicial re-writing of statutes" should retroactively apply to him, noting that the Supreme Court could have made Booker retroactive but did not; under Mayfield's theory, all Supreme Court rulings affecting statutory construction are necessarily retroactive, a claim the Magistrate Judge stated was "plainly untenable."

To the extent that Mayfield raised claims not dependent on Booker, including contentions that he was not properly indicted, that he is being held in involuntary servitude in

violation of the Thirteenth Amendment, the Magistrate Judge concluded that these claims were without merit.

Finally, to the extent that Mayfield relied upon <u>Apprendi</u>, rather than <u>Booker</u> or <u>Blakely</u>, the Magistrate Judge determined that these claims were barred by the statute of limitations set out in 28 U.S.C. §2255.  The Magistrate Judge noted that <u>Apprendi</u> was decided in 2000, and Mayfield's conviction became final in June of 2003, when his time for taking a direct appeal expired.  Mayfield had one year from that date in which to seek Section 2255 relief, but did not file his petition until October of 2004, some one year and four months later.  In addition, the Magistrate Judge said that Mayfield had shown no basis for equitable tolling of the limitations period.  The Magistrate Judge therefore recommended that Mayfield's petition be denied.

Mayfield filed objections to the Magistrate Judge's Report on September 26, 2005.  In his objections, Mayfield first says that his claims are not barred by limitations because he had filed a habeas corpus petition on January 8, 2004, which was dismissed on April 2, 2004.  Court records show that Mayfield insisted on styling his previous petition as a "writ of habeas corpus under the Constitution of the United States," and not a Section 2255 motion to vacate sentence; the petition was accordingly dismissed because Mayfield was in custody in Michigan.  The filing of this petition did not toll the statute of limitations.  Mayfield's claim on this point is without merit.

Next, Mayfield asserts that the Court wholly overlooked his claim of ineffective assistance of counsel.  However, any such claim with regard to his attorney's conduct is also barred by the statute of limitations.  Mayfield's argument that the limitations period did not begin to run until his first habeas corpus petition was denied is without merit.

Mayfield goes on to argue that he is entitled to equitable tolling because of the "extraordinary circumstances" resulting from the "arduous written colloquy" surrounding his first habeas petition.  The court records reveal that the Court directed Mayfield to specify whether he was bringing his petition under Section 2255 or Section 2241, furnishing forms for each type of proceeding; however, Mayfield declined to comply with the Court's order, instead insisting that his claim was brought under neither of these statutes, but rather under the Constitution.  Mayfield also

3

declared, incorrectly, that this Court is not an Article III Court and that the Court was operating under some system of law other than the Constitution. It is obvious that any "arduousness" regarding the first petition was brought on by Mayfield's refusal to comply with the Court's orders and his insistence upon following his own obscure legal theories. He has failed to show himself entitled to equitable tolling of the statute of limitations.

Next, Mayfield returns to his contention that he received ineffective assistance of counsel, since he was sentenced three years after <u>Apprendi</u>. He reiterates his claim that by being sentenced without effective assistance of counsel, he "is being forced into involuntary servitude." As the Magistrate Judge correctly concluded, however, any of Mayfield's claims related to <u>Apprendi</u>, or to the effectiveness of counsel at the time of his sentencing, are barred by the statute of limitations. This objection is without merit.

Finally, Mayfield says that the Magistrate Judge failed to address the issues he raised which were not dependent upon <u>Booker</u>, which failure he deems a denial of due process. Mayfield goes on to refer to the Magistrate Judge's Report as a "patent evil" and asserts that this Report is "an incitement to robbery," in that the Magistrate Judge is urging that Mayfield "be robbed of yet another right." A review of the Report shows that the Magistrate Judge addressed Mayfield's claims not dependent upon <u>Booker</u>. Mayfield's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

      ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice.  It is further

      ORDERED that any and all motions which may be pending in this action are hereby DENIED.

    SIGNED this  5th  day of October, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE