IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EUGENE A. MAYFIELD | § | |
| v. | § | CIVIL ACTION NO. 2:04cv402 |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT</u>

The Movant Eugene Mayfield, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mayfield's motion to vacate or correct his sentence was denied on October 5, 2006. He filed a motion for reconsideration on October 24, 2005, which was denied on November 1, 2005. He then filed a second motion for reconsideration on December 5, 2005, which was denied on January 11, 2006. Mayfield filed a motion for "clarification" of this order on January 27, 2006, which motion was denied on August 22, 2006. Mayfield then filed a notice of appeal on September 14, 2006, and a certificate of appealability was denied on November 13, 2006. The appeal was dismissed on December 4, 2006.

On April 4, 2007, Mayfield filed his third motion for reconsideration, arguing that his conviction is void because 18 U.S.C. §3231, which provides for federal court jurisdiction in criminal cases, derives from Public Law 80-772, which Mayfield argues was never properly ratified.

On April 26, 2007, the Magistrate Judge issued a Report recommending that Mayfield's motion be denied. The Magistrate Judge observed that Rule 60(b) motions for reconsideration which challenge judgments of conviction on constitutional grounds are properly

1

treated as successive Section 2255 motions, and that Mayfield failed to show that he had received permission from the Fifth Circuit to file a successive petition. The Magistrate Judge also determined that Mayfield's claims lacked merit on their face, and recommended that the motion for reconsideration be denied.

Mayfield filed objections to the Magistrate Judge's Report on May 22, 2007. In his objections, he says first that because his claims challenged the jurisdiction of the district court, this Court had the duty either to follow the law, or to withdraw from the case and let "a judge who claimed allegiance to the Constitution" preside. He says that the judges had "a personal interest in blocking Petitioner from raising the issues presented." Mayfield dismisses the Magistrate Judge's discussion of his claims regarding the enactment of Public Law 80-772 by saying that the Magistrate Judge cited "district court cases without precedential value."

Mayfield goes on to demand that each officer of the Court "publicly state whether it [sic] is bound by the judicial code, whether it [sic] has an interest in his case." He says that the Court proceeded with his criminal prosecution despite the "knowledge" that jurisdiction was lacking, and that the Court erred by failing to give the Government the opportunity to respond to his motion for reconsideration. He goes on to argue that: Public Law 80-772 was improperly ratified; the Court should have taken his affidavit as true but did not do so; the Court was obligated by law to allow Mayfield to conduct discovery; the Court is violating the law by allowing Mayfield to be imprisoned when this imprisonment is "known to be illegal;" the Magistrate Judge "cited no valid precedent" in recommending denial of his motion; the Court improperly changed the label of his motion in some way without giving him warning; the Court violated the Separation of Powers Doctrine by "acting as a subsidiary of the Department of Justice;" the federal criminal statutes found in Title 18 and Title 21 of the United States Code are only applicable in the District of Columbia, Puerto Rico, and territorial and insular possessions; the Federal Rules of Criminal Procedure are not authorized for use by the Eastern District of Texas for alleged offenses occurring in the State of Texas; there is "no procedural hurdle for jurisdictional error;" and that Mayfield is not challenging his conviction on

constitutional grounds but rather for lack of jurisdiction. These objections are patently without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Movant's motion for reconsideration, the Report of the Magistrate Judge, the Movant's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Movant's motion for reconsideration, filed April 4, 2007 (document no. 21) is hereby DENIED. It is further

ORDERED that the Clerk of this Court shall accept *no further filings* from the Movant Eugene Mayfield in the present case, cause no. 2:04cv402, other than a notice of appeal of the order denying the motion for reconsideration currently under review, until this case or the criminal case is reopened by order of the Fifth Circuit Court of Appeals or the Supreme Court of the United States. Any documents received from the Movant in this case in contravention of this order shall be returned unfiled or discarded at the discretion of the Clerk. Finally, it is

ORDERED that this order of prohibition shall not prevent Mayfield from filing such documents with the Fifth Circuit Court of Appeals or the Supreme Court of the United States as he sees fit, including but not limited to a request for leave to file a successive Section 2255 motion or such documents as may be relevant to his pending appeal of orders entered in his criminal case.

SIGNED this 27th day of June, 2007.

*T. John Ward*
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

3